UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

    Plaintiff,

             v.                      CAUSE NO. 3:19CV299-PPS/MGG

WEXFORD MEDICAL, INC.,
et al.,

    Defendants.

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed a complaint against Wexford Medical, Inc., Dr. Jackson, Jane Doe #1, and Jane Doe #2, because he believes the care he received for his iritis and ankylosing spondylitis while incarcerated at the Westville Correctional Facility was inadequate. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Dodd reports that he suffers from a rare genetic autoimmune disorder—ankylosing spondylitis—that makes him prone to inflammatory diseases affecting his spine, ribs, hips, and shoulders. ECF 2 at 6. Here, he explains that one

complication of ankylosing spondylitis is iritis, an inflammation of the eyes, which makes his eyes red and sensitive to light, and causes blurry vision and headaches. *Id.* Dodd states iritis requires immediate medical attention because it causes retina detachment, which then requires surgery to reattach the retina. *Id*. He states his prison medical record is well documented with the numerous bouts of iritis he has had since he was incarcerated in 1997. *Id*. at 6-7.

On August 24, 2018, Dodd asserts he submitted a medical request because he was experiencing another bout of iritis. ECF 2 at 7. However, the medical request was returned to him a week later with instructions to submit a second medical request. *Id*. Dodd submitted a second medical request but never heard anything. *Id*. He finally received treatment after a correctional officer noticed "how bad [his eye] looked" and notified the medical staff. *Id*. at 8. He was treated by a nurse, who prescribed antibiotic (Ciprofloxacin) eyedrops, but his condition worsened because he was prescribed the wrong medication. *Id*. Because his iris began to turn white and his pupil no longer reacted to light, the same correctional officer contacted the medical staff and Dodd was again seen by a nurse. *Id*. at 8-9. After examining Dodd, the nurse contacted Dr. Jackson but he refused to treat Dodd. *Id*. at 9. Dr. Jackson told the nurse to prescribe artificial tears and that Dodd would need to wait another two weeks for the eye doctor to return from vacation. *Id*. Because he did not receive the necessary treatment, Dodd asserts his vision has deteriorated and he now suffers from spots or floaters in his vision. *Id*.

Furthermore, Dodd asserts he has been dealing with severe pain stemming from ankylosing spondylitis since he arrived at the Westville Correctional Facility in August

2

2017. ECF 2 at 9. He claims Wexford Medical, Inc. and its staff have made him feel as though he was overreaching or asking for treatment he did not need. *Id*. at 9-10. He explains that Wexford initially took him off of Naproxen, which controlled his pain, but later prescribed it again at a much lower dosage that did not adequately control his pain. *Id*. at 10. Dodd asserts that the medical staff does not understand his rare genetic disorder and has refused to educate themselves about his painful disease and the medication he needs to control it. *Id*. He further claims that Wexford and its staff falsified medical records to cover up the fact they have not given him appropriate medical treatment. *Id*. Thus, according to Dodd, the defendants have been deliberately indifferent to his serious medical needs stemming from his genetic disorder, which has caused him to have pain and suffer needlessly.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and

decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

However, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008). Accepting Dodd's allegations as true and giving him the benefit of the inferences to which he is entitled, as I must at this stage of the proceedings, he has alleged facts from which it can be inferred that Dr. Jackson was deliberately indifferent to his serious medical needs by refusing to provide him with appropriate care for his iritis and his pain associated with ankylosing spondylitis.

4

Dodd has also sued Wexford Medical, Inc. He alleges that Wexford, as the private company that provides medical care to inmates, encourages its medical staff to delay and deny necessary medical care. ECF 2 at 5, 7-8. A private company may be held liable for constitutional violations when it performs a state function. *West v. Atkins*, 487 U.S. 42 (1988). Dodd has alleged that, consistent with Wexford's custom or policy of "continued persistent delay" in properly diagnosing and providing necessary medical care, he was denied appropriate care for his iritis and ankylosing spondylitis. ECF 2 at 5. He explains that Wexford refused to consider his medical history and took away medications used to treat his pain. *Id*. at 13. Because his treatment was delayed, Dodd states he suffered permanent eye injury and bouts of debilitating pain. *Id*. I find that Dodd has stated a claim against Wexford.

Furthermore, Dodd's complaint includes unnamed defendants—Jane Doe #1 and Jane Doe #2—he claims are responsible for failing to provide him with appropriate medical care. ECF 2 at 3-4; 8-9. However, as a practical matter Dodd's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, I cannot permit him to proceed against either Jane Doe #1 or Jane Doe #2.

As a final matter, Dodd asserts a breach of contract claim. ECF 2 at 16-17. He alleges Wexford breached its contract with the Indiana Department of Correction (IDOC) because Wexford failed to properly train its medical staff on how to identify

and respond to medical emergencies.[1] *Id*. at 16. Dodd also claims that he is a third-party beneficiary to the contract because the contract solely benefits him and other inmates. *Id*. at 17. Dodd further explains that Wexford has breached its duty to provide him with adequate medical care. *Id*. However, while I have some doubt about Dodd's ability to demonstrate he is an intended beneficiary of the contract, I will, at this juncture, permit the claim to proceed. *See Harper v. Corizon Health Inc.*, No. 2:17-CV-228-JMS-DLP, 2018 WL 6019595, at *8-9 (S.D. Ind. Nov. 16, 2018) (dismissing a breach of contract claim against Corizon on summary judgment because the plaintiff did not demonstrate that he was a third-party beneficiary of the contract between Corizon and the IDOC).

ACCORDINGLY, the court:

(1) GRANTS Richard Dodd leave to proceed against Dr. Jackson in his individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical need for treatment for his iritis and his pain associated with ankylosing spondylitis, in violation of the Eighth Amendment;

(2) GRANTS Richard Dodd leave to proceed against Dr. Jackson in his official capacity to provide adequate medical care for his iritis and his pain associated with ankylosing spondylitis, as required by the Eighth Amendment;

(3) GRANTS Richard Dodd leave to proceed against Wexford Medical, Inc. for compensatory and punitive damages for following a custom or policy of denying

---

[1] To the extent Dodd may be attempting to assert a "failure to train" claim against Wexford, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Wexford is not a municipality.

necessary medical care, resulting in him receiving inadequate care for his iritis and ankylosing spondylitis;

(4) GRANTS Richard Dodd leave to proceed against Wexford Medical, Inc. for injunctive relief to require it to stop following a policy of delaying necessary medical care, in violation of the Eighth Amendment;

(5) GRANTS Richard Dodd leave to proceed against Wexford Medical, Inc. for compensatory damages for breaching its contract with the IDOC;

(6) DISMISSES Jane Doe #1 and Jane Doe #2;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Jackson at the Indiana Department of Correction with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(9) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Wexford Medical, Inc. at 9245 N. Meridian Street, Indianapolis, IN 46260 with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d); and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Jackson and Wexford Medical, Inc. respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 28, 2019.

    /s/ Philip P. Simon  
    JUDGE  
    UNITED STATES DISTRICT COURT