UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

    Plaintiff,

    v.

WEXFORD MEDICAL, INC., et al.,

    Defendants.

CAUSE NO. 3:19CV299-PPS/MGG

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, is proceeding on Eighth Amendment claims against Dr. Jackson and Wexford Medical, Inc. related to his medical care for iritis and pain associated with ankylosing spondylitis. (ECF 6-7.) He is now seeking a temporary restraining order and injunction (ECF 24) against three members of the law library staff who he alleges have retaliated against him by deleting files containing his legal work from the law library computer. (*Id*. at 1-2.) A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Moreover,

> [a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity*

*Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

*Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013).

In moving for injunctive relief, Dodd claims that David Leonard, John Hicks, and Ms. Torres, who are members of the law library staff, have retaliated against him for exercising his constitutional rights. (ECF 24 at 1-2; 24-1 at 1.) Specifically, he claims that, on October 31, 2019, a file named "912869 Dodd file transfer to Westville" was deleted from the law library computer. (ECF 24 at 1.) He also asserts that Leonard administratively removed him from the law library and Hicks deleted one of Dodd's computer files after he asked for "some video footage to be saved to be used in a complaint." (ECF 24-1 at 1.) In sum, Dodd asserts that, as a result of the actions of these members of the law library staff, he is being denied access to the courts. However, because the three individuals Dodd seeks to enjoin are not named as defendants, I cannot grant an injunction against them. *Maddox,* 528 Fed. Appx. at 672.

ACCORDINGLY:

Plaintiff Richard Dodd's motion seeking a temporary restraining order and injunction (ECF 24) is DENIED.

SO ORDERED on November 15, 2019.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT