UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

    Plaintiff,

    v.

WEXFORD MEDICAL INC, et al.,

    Defendants.

CAUSE NO. 3:19CV299-PPS\MGG

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed a motion for a preliminary injunction. In it, he asks me to order Wexford Medical, Inc., to "test the entire inmate population for COVID-19 [coronavirus]." ECF 49. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). What's more, an injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct—like the one being requested here--is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). And in the prison context, the Prison Litigation Reform Act ("PLRA"), "circumscribes the scope of the court's authority to enter an

injunction in the corrections context." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). Under the PLRA, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Id.*

Dodd is proceeding in this case on Eighth Amendment claims for damages and injunctive relief against Dr. Jackson and Wexford for allegedly failing to provide him with adequate medical care for his iritis and his pain associated with ankylosing spondylitis. *See generally* ECF 6.[1] As a threshold matter, I find that Dodd has no chance of success on the merits of his motion for preliminary injunctive relief because requiring Wexford to test all inmates at the Westville Correctional Facility for COVID-19 is beyond the scope of the claims in this lawsuit. *See e.g. Boyd v. Sheffler*, No. 19CV1055-NJR, 2019 WL 7037800, at *4 (S.D. Ill. Dec. 20, 2019) ("[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit.").

Moreover, even if the relief sought could conceivably be encompassed by the current complaint, Dodd has not shown a likelihood of success on the merits or that he personally will suffer irreparable harm before the resolution of this lawsuit if the "entire inmate population" at Westville is not tested. To the extent Dodd is seeking relief on behalf of other inmates, he may not do so. *See In re IFC Credit Corp.*, 663 F.3d 315, 318

---

[1] He was also granted leave to proceed against Wexford for compensatory damages for allegedly breaching its contract with IDOC.

2

(7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants").

To the extent Dodd believes court-ordered testing of all inmates is warranted, necessary, and will prevent him from being irreparably harmed, he has not demonstrated this to be the case. As Dodd admits, his whole dorm has already been tested for COVID-19, and he alleges that all 80 inmates in it tested positive. Fortunately, he has recovered after having been "lucky enough to fight this deadly disease off once," although he is concerned about being re-infected due to his underlying immune issues. ECF 49 at 2. Admittedly, the jury is still out on whether reinfection is likely. *See Clinical Questions about COVID-19: Questions and Answers*, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last visited on May 26, 2020) ("Patients with MERS-CoV are unlikely to be re-infected shortly after they recover, but it is not yet known whether similar immune protection will be observed for patients with COVID-19."). Even so, the Centers for Disease Control (CDC) is not currently recommending testing of all inmates across the board as Dodd requests. Rather, the guidelines recommend that "[m]edical staff should evaluate *symptomatic* individuals to determine whether COVID-19 testing is indicated" and continue to monitor those who are not symptomatic. *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities: Management of Incarcerated/Detained Persons with COVID-19 Symptoms*, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/-

2019-ncov/community/correction-detention/guidance-correctional-detention.html#management (last visited on May 26, 2020) (emphasis added).[2]

Consistent with this, and as pointed out by the defendants in their response (ECF 50), the Indiana Department of Correction is "testing those with symptoms and exposure risk, based on clinical decision making and in a targeted manner in accordance with CDC guidelines." *See IDOC Facility COVID-19 Statistics*, Indiana Department of Correction, available at https://www.in.gov/idoc/3780.htm (last visited on May 27, 2020). Dodd has not alleged that he, or any of the inmates he resides with, are currently symptomatic after having tested positive and recovering. Thus, I find that Dodd has not shown a likelihood of success on the merits of his claim for injunctive relief because he has not demonstrated that the existing COVID-19 testing procedures being performed by Wexford at the Westville Correctional Facility fail to reflect professional judgment, practice, or standards. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation omitted).

---

[2] Medical staff are directed to "[r]efer to CDC guidelines for information on evaluation and testing." *Id*. Those guidelines indicate that high priority of testing for COVID-19 is given to those "**with** symptoms." *See Evaluating and Testing Persons for Coronavirus Disease 2019 (COVID-19)*, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/2019-nCoV/hcp/clinical-criteria.html (last visited on May 26, 2020) (bold in original).

Similarly, while it is Dodd's belief that Wexford has stopped testing inmates altogether after the 80 inmates in his dorm tested positive, the record does not support this contention. According to IDOC's publicly available website, the COVID-19 statistics are updated each business day. As of May 27, 2020, the Westville Correctional Facility has tested 209 offenders—of those, 178 tested positive, 170 have recovered, and 8 are still in quarantine or isolation. *See IDOC Facility COVID-19 Statistics*, Indiana Department of Correction, available at https://www.in.gov/idoc/3780.htm (last visited on May 27, 2020). This is already far more than the 80 offenders Dodd alleges were originally tested. I find it doubtful that Wexford will discontinue future testing in accordance with current CDC guidelines if offenders housed with Dodd begin showing symptoms of COVID-19 again—thus, it is unlikely that Dodd will be irreparably harmed absent court intervention mandating immediate COVID-19 testing of the entire prison population. Put simply, Dodd has not shown that a preliminary injunction is warranted. *See BBL, Inc.*, 809 F.3d at 323–24.

ACCORDINGLY: Plaintiff Richard Dodd's motion for preliminary injunction (ECF 49) is DENIED.

SO ORDERED on June 1, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT